ALLACCESS LAW GROUP
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
19 N. 2nd Street, Suite 205
San Jose, CA 95113
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for DAVID B. KETROSER, Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. KETROSER,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation dba THE HOME DEPOT #6604; HD DEVELOPMENT OF MARYLAND, INC., a Maryland corporation dba HD PROPERTIES OF MARYLAND; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 19-3811<br><br>*Civil Rights*<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, RESTITUTION, AND DAMAGES**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

Complaint for Preliminary and Permanent Injunctive Relief, Restitution, and Damages

# I. SUMMARY

1. This is a civil rights action by Plaintiff DAVID B. KETROSER ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complexes known as Home Depot and located at or around 2750 Crow Canyon Rd, San Ramon, California.

2. Pursuant to the Americans with Disabilities Act of 1990, (42 U.S.C. §§ 12101 *et seq.*), and supplemental California statutes,  Plaintiff seeks injunctive relief, damages, and restitution against Defendants HOME DEPOT U.S.A., INC., a Delaware corporation dba THE HOME DEPOT #6604; HD DEVELOPMENT OF MARYLAND, INC., a Maryland corporation dba HD PROPERTIES OF MARYLAND; and DOES 1 through 20, inclusive.

# II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law, arising from the same nucleus of operative facts, is predicated on 28 U.S.C. §1367.

5. Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

# III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

# IV. PARTIES

7. Plaintiff DAVID B. KETROSER is and at all times relevant herein was, a qualified individual with a physical "disability" as defined under Department of Justice regulation 28 C.F.R. §36.104 and California Government Code § 12926. Plaintiff has been afflicted with Multiple Sclerosis since 1973. Plaintiff is unable to independently stand or walk, and requires the use of a wheelchair at all times for mobility. Plaintiff is unable, due to his physical disability, to independently use public facilities that are not designed and/or constructed in compliance with

Complaint for Preliminary and Permanent Injunctive Relief, Restitution, and Damages

1  applicable accessibility standards to accommodate disabled persons who require a wheelchair for

2  mobility. Plaintiff possesses a disabled parking placard issued by the State of Minnesota.

3  Plaintiff is a resident of Minneapolis, Minnesota and visits family in East Bay, California

4  frequently.

5       8. On information and belief, Defendants HOME DEPOT U.S.A., INC., a Delaware

6  corporation dba THE HOME DEPOT #6604; HD DEVELOPMENT OF MARYLAND, INC., a

7  Maryland corporation dba HD PROPERTIES OF MARYLAND; and DOES 1 through 20,

8  inclusive, (hereinafter collectively, "Defendants"), are, and at all times relevant herein were, the

9  owners, operators, lessors, and/or lessees of the Home Depot, and its related facilities, located at

10  or around 2750 Crow Canyon Rd, San Ramon, CA 94583 ("Home Depot").

11       9. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible

12  agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser,

13  franchisee, lessor, lessee, joint venture, parent, subsidiary, affiliate, related entity, partner, and/or

14  associate, or such similar capacity, of each of the other Defendants, and was at all times acting

15  and performing, or failing to act or perform, within the course and scope of such similar

16  aforementioned capacities, and with the authorization, consent, permission, or ratification of

17  each of the other Defendants, and is personally responsible in some manner for the acts and

18  omissions of the other Defendants in proximately causing the violations and damages

19  complained of herein, and have participated, directed, and have ostensibly and/or directly

20  approved or ratified each of the acts or omissions of each of the other Defendants, as herein

21  described. Plaintiff will seek leave to amend when the true names, capacities, connections, and

22  responsibilities of DOES 1 through 20, inclusive, are ascertained.

23                                  **V. FACTS**

24       10. The Home Depot with all its facilities is a sales or retail establishment as defined

25  under Title III of the ADA, 42 U.S.C. § 12181(7)(E), and California civil rights laws. Cal. Civ.

26  Code § § 51 *et seq.* The Home Depot is open to the public, intended for nonresidential use and its

27  operation affects commerce.

28

Complaint for Preliminary and Permanent Injunctive Relief, Restitution, and Damages

11. At all times mentioned herein, Plaintiff has been a wheelchair user. Plaintiff shopped at Home Depot on more than one occasion and encountered architectural barriers, structural in nature, and was denied full and equal access to Home Depot as a result.

12. Plaintiff shopped at Home Depot on August 26, 2018 and purchased a laser distance measurer and tape measurer. During this visit, Plaintiff used the customer restroom but was unable to do so with ease because there were no handles on the stall door. Moreover, going inside of the stall was difficult for Plaintiff because the stall door opened inside of the stall thereby not providing Plaintiff enough clear space. Plaintiff also noticed that the lavatory plumbing was not insulated and the coat hook was mounted too high.

13. On or about September 9, 2018 Plaintiff notified Defendants' agent(s)/employee(s) of the accessibility difficulties Plaintiff had at Home Depot on August 26, 2018.

14. On or about September 19, 2018 Plaintiff spoke by phone with Defendants' counsel Greg Hurley regarding Plaintiff's accessibility difficulties at Home Depot.

15. On March 14, 2019 Plaintiff went to Home Depot and purchased furniture movers. Plaintiff again encountered accessibility problems in the customer restroom like during his August 26, 2018 visit to Home Depot as alleged in Paragraph 12 of this Complaint.

16. During the aforementioned visits, Plaintiff experienced difficulties, discomfort, and/or embarrassment due to Home Depot not being accessible to Plaintiff.

17. Before filing this lawsuit, Plaintiff's legal representative also had a CASp-certified expert do an informal investigation of the Home Depot. While he could not make detailed measurements, Plaintiff's CASp-certified expert determined that Defendants' premises remained inaccessible based on, but not limited to, the following:

- ADA parking less than 18 feet deep (17' 6")
- Path of travel from parking is blocked by displays
- The words "no parking" stamped on access aisle are fading
- Customer restroom door heavy
- Lower 10" of bathroom door is not clear at push side

Complaint for Preliminary and Permanent Injunctive Relief, Restitution, and Damages

- Customer restroom door fast closing
- Clear space at side pull of customer restroom door is less than 18" (17.5")
- Door handle on pull side of toilet stall does not provide  knuckle space to pull open
- Toilet stall door swings into a clear space of a fixture
- Toilet flusher  needs more than 5lbs to activate
- Food ordering counter at exterior is higher than 34"
- No ADA tables at the food area

18. These barriers prevented Plaintiff from enjoying full and equal access at Home Depot. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access expert, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases. All of these barriers to access render the premises inaccessible to and unusable by physically disabled persons. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

19. Plaintiff is deterred from shopping at the Home Depot more often because of the aforementioned accessibility problems.

20. Defendants knew that these elements and areas of Home Depot were inaccessible, violate state and federal law, and interfere with or deny access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from Home Depot without much difficulty or expense, and make Home Depot accessible to the physically disabled. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

21. At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify Home Depot to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.

Complaint for Preliminary and Permanent Injunctive Relief, Restitution, and Damages

22.  Plaintiff further alleges that the continued presence of barriers at Home Depot is so obvious as to establish Defendants' discriminatory intent. On information and belief, Plaintiff avers that evidence of the discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for Home Depot and its facilities; conscientious decision to the architectural layout as it currently exists at the Home Depot; and a decision not to make Home Depot accessible despite being put on actual notice of the Home Depot not being accessible to Plaintiff.

23. Plaintiff further alleges, on information and belief, that Defendants are not in the midst of a remodel, and that the barriers present at Home Depot are not isolated or temporary interruptions in access due to maintenance or repairs.

**VI. FIRST CLAIM**

**Americans with Disabilities Act of 1990**

**(TITLE III USC §12101 *et seq.*)**

**Denial of "Full and Equal" Enjoyment and Use**

**(Against all Defendants and each of the)**

24. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 23 of this Complaint, and incorporates them herein as if separately repled.

25. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment or use of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

26. Defendants discriminated against Plaintiff by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of Home Depot during each visit and each incident of deterrence.

**Failure to Remove Architectural Barriers in an Existing Facility**

27. The ADA specifically prohibits failing to remove architectural barriers, which are

Complaint for Preliminary and Permanent Injunctive Relief, Restitution, and Damages

structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9).

28.     Defendants could have but did not avail themselves of the tax deduction and tax credits provided by Internal Revenue Code §44 and §190, which apply to the costs of barrier removal.

29.     When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id.* § 12182(b)(2)(A)(v).

30.     Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at Home Depot without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

31.     In the alternative, if it was not "readily achievable" for Defendants to remove the Home Depot's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

**Failure to Design and Construct an Accessible Facility**

32.     On information and belief, Home Depot was designed or constructed or both after January 26, 1992 independently triggering access requirements under Title III of the ADA.

33. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

34. Here, Defendants violated the ADA by designing or constructing or both the Home Depot in a manner that was not readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

**Failure to Make an Altered Facility Accessible**

35. On information and belief, Home Depot was modified after January 26, 1992,

Complaint for Preliminary and Permanent Injunctive Relief, Restitution, and Damages

1    independently triggering access requirements under the ADA.

2        36. The ADA also requires that facilities altered in a manner that affects (or could affect)

3    its usability must be made readily accessible to individuals with disabilities to the maximum

4    extent feasible. 42 U.S.C. § 12183(a)(2).

5        37. Here, Defendants altered Home Depot in a manner that violated the ADA and was not

6    readily accessible to the physically disabled public, including Plaintiff, to the maximum extent

7    feasible.

8                    **Failure to Modify Existing Policies and Procedures**

9        38. The ADA also requires reasonable modifications in policies, practices, or procedures,

10   when necessary to afford such goods, services, facilities, or accommodations to individuals with

11   disabilities, unless the entity can demonstrate that making such modifications would

12   fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

13       39. Here, Defendants violated the ADA by failing to make reasonable modifications in

14   policies, practices, or procedures at Home Depot, when these modifications were necessary to

15   afford and would not fundamentally alter the nature of these goods, services, facilities, or

16   accommodations.

17       40. Plaintiff seeks all relief available under the ADA *i.e.*, injunctive relief, attorney fees,

18   costs, legal expense for these aforementioned violations. 42 U.S.C. § 12205.

19                           **VII. SECOND CLAIM**

20                           **Disabled Persons Act**

21                   **(California Civil Code § 54 *et seq.*)**

22                   **(Against all Defendants and each of them)**

23       41. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the

24   allegations contained in Paragraphs 1 through 40 of this Complaint, and incorporates them herein

25   as if separately repled.

26       42. The Home Depot is a place of public accommodation and/or places to which the

27   general public is invited and, as such, they are obligated to comply with the provisions of the

28

Complaint for Preliminary and Permanent Injunctive Relief, Restitution, and Damages

California Disabled Persons Act ("CDPA"), California Civil Code § 54 *et seq.*

43. The CDPA guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

44. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a)(1).

45. The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA, California Civil Code § 54.1(d).

46. Defendants have violated the CDPA by, inter alia, denying and/or interfering with Plaintiff right to full and equal access as other members of the general public to the accommodations, advantages, and its related facilities due to his disability.

47. Pursuant to the remedies, procedures, and rights set forth in California Civil Code §§ 54.3, Plaintiff prays for judgment as set forth below.

### VIII. THIRD CLAIM

### Unruh Civil Rights Act

### (California Civil Code §51 *et seq.*)

### (Against all Defendants and each of them)

48. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 47 of this Complaint, and incorporates them herein as if separately repled.

49. The Home Depot is a business establishment and, as such, must comply with the provisions of the Unruh Act, California Civil Code § 51 *et seq.*

50. The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. California Civil Code § 51(b).

Complaint for Preliminary and Permanent Injunctive Relief, Restitution, and Damages

51. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. California Civil Code § 51(f).

52. Defendants have violated the Unruh Act by, *inter alia,* denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at Home Depot.

53. Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiffs rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

54. Defendants' acts and omissions constitutes intentional discrimination against Plaintiff and other physically disabled individuals in violation of the Unruh Act, California Code §§51 *et seq.,* in that: the Home Depot is inaccessible to Plaintiff and other disabled persons; that Defendants maintain the Home Depot in this inaccessible condition; and have failed to make Home Depot accessible despite the obvious presence of said barriers and notice of said barriers.

55. Pursuant to the remedies, procedures, and rights set forth in California Civil Code § 52, Plaintiff prays for judgment as set forth below.

## IX. FOURTH CAUSE OF ACTION:

## VIOLATION OF UNFAIR COMPETITION ACT

### (Unfair, Unlawful, Deceptive Business Practice: Bus. & Prof. Code, § 17200 *et seq.*)

### (Against all Defendants and each of them)

56. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 55 of this Complaint, and incorporates them herein as if separately repled.

57. Defendants engage in business practices, offer their goods and services, and advertise their goods and services within the jurisdiction of the state of California. As such, Defendants, and each of them, have a duty to comply with the provisions of the Unfair Business Practices Act set forth in §17200, *et seq.* of the Business & Professions Code.

58. The Unfair Business Practices Act prohibits, inter alia, unlawful, unfair, or fraudulent

Complaint for Preliminary and Permanent Injunctive Relief, Restitution, and Damages

business acts or practices and unfair, deceptive, untrue, or misleading advertising by any person, firm, corporation, or association within the jurisdiction of the State of California.

59. The conduct previously alleged violated the Unfair Business Practices Act, including § 17200 *et seq.* of the Business & Professions Code, in that Defendants have represented that their services are available to all members of the general public, when in fact, Defendants deny full and equal access to their services to disabled individuals who depend on mobility aids by reason of Defendants' failure to comply with their legal obligations under the Unruh Act, the California Disabled Persons Act, and the Americans with Disabilities Act as alleged herein.

60. Pursuant to the remedies, procedures, and rights set forth in § 17203 *et seq.* of the Business & Professions Code, Plaintiff prays for judgment and relief as set forth below.

## X. PRAYER FOR RELIEF

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the Home Depot to modify the above described property and premises and related facilities so that each provides full and equal access to all physically disabled persons, including appropriate changes in policy, and issue a preliminary and permanent injunction directing Defendants to provide and maintain facilities accessible to and usable by Plaintiff, and other similarly situated persons with disabilities, as required by law;

2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

3. Award to plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof;

4. Award to Plaintiff all reasonable restitution for Defendants' unfair competitive

Complaint for Preliminary and Permanent Injunctive Relief, Restitution, and Damages

practices;

5. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

6. Award to Plaintiff prejudgment interest pursuant to California Civil Code § 3291; and

7. Grant such other and further relief as this Court may deem just and proper.


Dated: 6/30/2019                              _____/s/_____
                                              Irakli Karbelashvili, Attorney for Plaintiff
                                              DAVID B. KETROSER



### DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.


Dated: 6/30/2019                              _____/s/_____
                                              Irakli Karbelashvili, Attorney for Plaintiff
                                              DAVID B. KETROSER

Complaint for Preliminary and Permanent Injunctive Relief, Restitution, and Damages